UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHNNIE LEE ROBERTSON, II,

                Plaintiff,

    -vs-                          **No. 6:16-CV-06481 (MAT)**
                                       **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                Defendant.

---

## I.  Introduction

Represented by counsel, plaintiff Johnnie Lee Robertson, II("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "defendant") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff protectively filed an application for SSI on April 29, 2011, which was denied. Administrative Transcript ("T.") 66, 86-90, 167-72. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") Larry Levey on July 3, 2012. T. 24-64. On August 24, 2012, ALJ Levey issued a decision in which he found that plaintiff was not disabled as defined in the act. T. 7-76. The Appeals Council denied plaintiff's request for review, and plaintiff filed an action in this Court. T. 428-31. That action was terminated when the parties stipulated to remand the matter to the Commissioner for further proceedings.

On remand, a supplemental hearing was held before ALJ John Costello on April 5, 2016. T. 628-55. On May 9, 2016, ALJ Costello issued a decision in which he found that plaintiff was not disabled as defined in the Act. T. 413-21. Plaintiff did not file exceptions with the Appeals Council, rending ALJ Costello's determination the Commissioner's final decision. This action followed.

## III. The ALJ's Decision

At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since April 29, 2011, the date of his application. T. 415. At step two, the ALJ found that plaintiff suffered from the severe impairments of status

2

post fracture of the left tibia and obesity. *Id*. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the RFC to perform the full range of medium work as defined in 20 CFR 416.967(c). T. 416. At step four, the ALJ found that plaintiff was capable of performing past relevant work as a metal sorter. T. 419. Accordingly, the ALJ found plaintiff not disabled without proceeding to step five. T. 420.

## IV. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

Here the sole argument plaintiff makes in his motion for judgment on the pleadings is that the ALJ should have considered whether plaintiff suffered from a closed period of disability from January 2010, when he fractured his left tibia, to June 2011. For

3

the reasons discussed below, the Court agrees that the ALJ should have considered whether the record established that plaintiff was disabled during this time period, and therefore remands the matter for further administrative proceedings.

Under the Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see 20 C.F.R. §§ 404.1509, 416.920. "A closed period of disability refers to when a claimant is found to be disabled for a finite period of time which started and stopped prior to the date of the administrative decision granting disability status." *Carbone v. Astrue*, 2010 WL 3398960, at *13 n. 12 (E.D.N.Y. Aug. 26, 2010) (internal quotation marks omitted). When considering a claim for benefits, "if a claimant is disabled at any point in time, the ALJ should consider not only whether Plaintiff was disabled at the time of the hearing, but also whether Plaintiff was entitled to disability benefits for any closed, continuous period of not less than 12 months, following the date of his claim." *Williams v. Colvin*, 2016 WL 3085426, at *4 (W.D.N.Y. June 2, 2016). It is particularly necessary for the ALJ to consider whether a closed period of disability existed where the record shows that plaintiff's condition has improved significantly

over time as the result of a discrete event, such as surgery. *See Stalling v. Colvin*, 2013 WL 3713315, at *6 (W.D.N.Y. July 12, 2013).

As a threshold matter, the Court notes that plaintiff apparently did not raise the issue of a closed period of disability prior to filing his motion for judgment on the pleadings, and that he has therefore arguably waived it. *See, e.g., Emery v. Astrue*, 2012 WL 1910090, at *6 (D. Vt. Apr. 9, 2012), *report and recommendation adopted*, 2012 WL 1910085 (D. Vt. May 25, 2012) ("At the outset, the Court notes that Emery did not raise the issue of a closed period of disability until the filing of this Motion. . . . Typically, a court need not address such a claim when it is raised for the first time at this stage in the proceedings."); *see also Hapstak v. Com'r of Soc*. Sec., 2003 WL 22232046, at *12 (N.D.N.Y. Sept. 26, 2003) ("It has been held . . . that with some exceptions, the failure to raise an argument in the Agency precludes plaintiff from raising it in federal court."). However, defendant has not claimed that plaintiff is precluded from making this argument, and has instead argued the issue on the merits. "[A]s the Commissioner has not challenged this issue, the Court will address it." *Emery,* 2012 WL 1910090, at *6; *see also Verdi v. Comm'r of Soc. Sec.*, 2011 WL 1361559, at *4 n.2 (D. Vt. Apr. 11, 2011) ("in accordance with Second Circuit law instructing courts to broadly construe and liberally apply the Social Security

5

Act," court would consider claim for a closed period of disability that was not raised at the administrative level).

The medical evidence of record in this case showed that plaintiff fractured his tibia on January 1, 2010, and was required to undergo an open internal fixation reduction of his left tibial plateau fracture and a left lateral meniscal repair on January 13, 2010. T. 237-42. Plaintiff was also required to undergo physical therapy as a result of his tibial fracture and subsequent surgery. T. 249. By June 13, 2011, state agency consultant Kare Eurenius, M.D. opined that plaintiff's condition had stabilized, though he continued to be "somewhat limited in prolonged standing, walking more than a city block, climbing or descending more than four or five stairs, recurrent bending, lifting, or kneeling." T. 284-85. In other words, the medical evidence of record showed a discrete, traumatic event in January 2010 that caused a significant change in plaintiff's ability to function, followed by treatment and improvement over time. Indeed, defendant acknowledges that "plaintiff experienced an extreme condition in January 2010, when he fractured his left tibia." Docket No. 11-1 at 15. While the Court appreciates defendant's argument that an ALJ is not required to "craft an RFC for any . . . period that might include medical findings indicating a worsening or improving condition" (*id.* at 21), there is a clear distinction between cases in which a discrete, extreme event occurs and impacts a claimant's abilities, and cases in which the severity of a medical condition waxes and wanes over time. Here, there can be no dispute that plaintiff's

6

medical condition was significantly altered by his tibial fracture, nor can there be any dispute that, following the fracture and subsequent surgery, it took time and additional treatment for plaintiff to reach a stable condition. Under these circumstances, the ALJ should have considered whether a closed period of disability had occurred following plaintiff's tibial fracture. His failure to do so warrants remand.

**V. Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings motion (Docket No. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's motion for judgment on the pleadings (Docket No. 11) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                    **S/Michael A. Telesca**
                                    HON. MICHAEL A. TELESCA
                                    United States District Judge

Dated:    August 18, 2017
           Rochester, New York.